FILED

JAN 27 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IN RE: RIPPLE LABS, INC. LITIGATION<br><br>BRADLEY SOSTACK, Lead Plaintiff on Behalf of Himself and the Federal and California State Securities Claims Classes,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>RIPPLE LABS, INC., XRP II, LLC, and BRADLEY GARLINGHOUSE,<br><br>Defendants - Appellees. | Nos. 24-7599 & 25-483<br><br>D.C. No. 4:18-cv-06753-PJH<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted December 4, 2025
San Francsico, California

Before: RAWLINSON, MILLER, and SANCHEZ, Circuit Judges.

Lead Plaintiff Bradley Sostack (Sostack) appeals the district court's order granting summary judgment in favor of Defendants-Appellees Ripple Labs, Inc.

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and its affiliates (Ripple) on Sostack's federal securities claims. The district court held that the three-year statute of repose in Section 13 of the Securities Act of 1933 (the Act) bars Sostack's claim that Ripple issued unregistered securities in violation of Section 12(a)(1) of the Act. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

XRP is a cryptocurrency. In 2012, a blockchain called the XRP Ledger (the Ledger) was launched and its code created 100 billion XRP. Ripple Labs, Inc. (Ripple) received 80 billion units of XRP. The Ledger was made available to the public in either late 2012 or early 2013. In 2017, Ripple released its own XRP holdings in monthly tranches of one billion XRP.

In January 2018, Sostack bought XRP on the Poloniex cryptocurrency exchange. Later in 2018, a class action complaint was filed against Defendants-Appellees and several others, alleging violations of the Act. In 2019, Sostack was appointed lead plaintiff, and he filed a consolidated complaint, which he amended in 2020. Defendants-Appellees subsequently filed a motion for summary judgment, which the district court granted in part and denied in part. The district court found that the federal securities claims were barred by the Act's three-year statute of repose.

We review the grant of summary judgment de novo. *See Ambrosetti v. Oregon Cath. Press*, 151 F.4th 1211, 1218 (9th Cir. 2025). "Viewing the evidence

in the light most favorable to the nonmoving party, we determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. . . ." *Damiano v. Grants Pass Sch. Dist. No. 7*, 140 F.4th 1117, 1136 (9th Cir. 2025) (citation and internal quotation marks omitted). Sostack has not raised a genuine issue of material fact as to whether the statute of repose in Section 13 of the Act bars Sostack's federal securities claims. Section 13 of the Act provides in pertinent part: "In no event shall any such action be brought to enforce a liability created under Section 77k or 77*l*(a)(1) of this title more than three years after the security was bona fide offered to the public. . . ." 15 U.S.C. § 77m.[1]

According to the record in this case, Ripple was offering XRP to the public as early as 2013. It is undisputed that Ripple sold over 500 million XRP on the Ledger's built-in digital asset exchange. Those offers were made "to the public" even if only technologically sophisticated consumers could navigate the Ledger to purchase XRP. *SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1090-91 (9th Cir. 2010), *as amended* (defining the "public" as including "persons [who] need the protection of the Securities Act," rather than financially sophisticated investors "able to fend for themselves") (citation, alteration, and internal quotation marks omitted). There is also no genuine dispute that Ripple's offerings of XRP

---

[1] Sostack filed his claims under Section 77*l*(a)(1) of the Act.

were "bona fide" because Sostack does not allege that those offerings were simulated, and as noted, thousands of users bought millions of units of XRP on various exchanges, including the Ledger's built-in exchange.

Sostack argues that the manner in which XRP was sold, distributed, and advertised—as well as the nature of XRP itself—was changed so drastically in 2017 as to constitute a separate offering from the 2013 offering, or a wholly new investment contract. But Sostack has failed to raise a material issue of fact that the 2013 offering and the 2017 offering were separate offerings. The nature of XRP did not change between 2013 and 2017; all XRP cryptocurrency remained fungible and interchangeable.

Sostack also proposes a legal framework ill-suited to the statute of repose. Sostack invokes the five factors enumerated in *SEC v. Murphy*, 626 F.2d 633, 645 (9th Cir. 1980), to distinguish early offerings of XRP from later offerings of XRP. However, *Murphy* applied those factors to "determin[e] whether to consider apparently separate offerings as one integrated offering" for the purpose of determining the applicability of a registration exemption. *Id.* at 641, 645. That test has no application here. Finally, the "economic reality" theory posed by Sostack finds no support in our precedent and would upend securities law as we know it. *See Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, 582 U.S. 497, 515 (2017) ("The purpose of a statute of repose . . . is to allow more certainty and reliability. . . .").

Because no material issue of fact was raised that the 2017 offering of XRP was a separate offering, the three-year statute of repose began to run when XRP was first offered to the public in 2013. *See* 15 U.S.C. § 77m. The original complaint was not filed until 2018, and Sostack did not file his complaint until 2019. Thus, his federal securities claims are time-barred, and the district court did not err in granting summary judgment in favor of Defendants-Appellees. *See Ambrosetti*, 151 F.4th at 1218.

**AFFIRMED.**[2]

[2] Because no other claims were included in the district court's Rule 54(b) certification order, we limit our decision consistent with the district court's order. *See Air-Sea Forwarders, Inc. v. Air Asia Co. Ltd.*, 880 F.2d 176, 179 n.1 (9th Cir. 1989), *as amended* (stating that appellate jurisdiction only extends to "claims" the district court "include[d] in its Rule 54(b) order"); *see also Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 629 n.3 (9th Cir. 2015) (excluding from its discussion claims that "were not certified under Rule 54(b)").